# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 24, 2014

148927 & (46)

MATTHEW HELTON,
    Plaintiff-Appellant,

v

LISA MARIE BEAMAN and DOUGLAS
BEAMAN,
    Defendants-Appellees.

_____/

Robert P. Young, Jr.,
*Chief Justice*

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
*Justices*

SC: 148927
COA: 314857
Oakland CC Family Division:
2012-798218-DP

By order of June 18, 2014, the appellees were requested to answer the application for leave to appeal the February 4, 2014 judgment of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether the plaintiff's affidavit challenging the defendants' affidavit of parentage was sufficient under MCL 722.1437(2), and specifically, whether the DNA testing results were sufficient to support the allegation that the affidavit of parentage was based on a mistake of fact; (2) whether "paternity determination" in MCL 722.1443(4) includes an acknowledgment of parentage; (3) whether, assuming the sufficiency of the plaintiff's MCL 722.1437(2) affidavit, the circuit court is always required to consider the best-interest factors of MCL 722.1443(4); (4) whether, if MCL 722.1443(4) does apply, the plaintiff in a revocation of parentage acknowledgment case must bear the burden of proving, by clear and convincing evidence, that revocation is in the best interests of the subject child; and (5) alternatively, whether the equitable doctrine of laches applies here in support of the circuit court's decision to deny the plaintiff's request for revocation of the acknowledgment of parentage.

The Children's Law and Family Law Sections of the State Bar of Michigan and the University of Michigan Law School Child Welfare Appellate Clinic are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 24, 2014



Clerk

s0917